UNITED STATES OF AMERICA

v.

FOUAD MASOUD

No. 18 CR 203

Judge Manish S. Shah

## ORDER

Defendant Masoud's motion to suppress [117] is denied as moot. Defendant's motion to dismiss the superseding indictment [137] is denied, and to the extent defendant renews the arguments raised in his motion to dismiss the original indictment [91] that motion is denied.

## STATEMENT

The superseding indictment, filed in February 2019, charges defendant Fouad Masoud with one count of drug conspiracy, three counts of distribution, one count of possession with intent to distribute, and two counts of attempted possession with intent to distribute. The original indictment, filed in April 2018, charged one count of conspiracy and one count of distribution. The superseding indictment added charges and a sentencing enhancement against Masoud for the alleged bodily injury that resulted from the use of the controlled substances he allegedly distributed.

Masoud moves to suppress evidence seized by a DEA Task Force Officer on March 23, 2018. The government says it will not offer that evidence at trial and will move to dismiss Counts 3 and 4 of the superseding indictment that depend on that evidence. [152].[1] Defendant's motion to suppress is moot. *United States v. Quintana*, No. 15 CR 552-1, 2016 WL 6277435, at *1 (N.D. Ill. Oct. 27, 2016); *United States v. Robinson*, 102 Fed. App'x 47, 50 (7th Cir. 2004).

Masoud moves to dismiss the superseding indictment because he believes the addition of the sentencing enhancement for bodily injury is the product of prosecutorial vindictiveness. "A prosecution based solely on vindictiveness, such as one to penalize a person for pursuing his legal rights, violates the Due Process Clause

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings.

of the Constitution." *United States v. Ribota*, 792 F.3d 837, 839 (7th Cir. 2015). A vindictive prosecution is one "motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003) (quoting *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996)).

There is no suggestion of such vindictiveness here. At the detention hearing a few days after Masoud's arrest, the prosecutor explained that enhanced penalties were a possibility. [158-1] at 7. The first indictment did not include the enhancement, [39], but within a few months (in September 2018), the government publicly disclosed its intent to seek a superseding indictment to include the enhancement. [158-1] at 39. Masoud argues that the government would not negotiate a plea agreement with him unless he admitted that the seized drugs contained brodifacoum (rat poison); when he refused, the government enhanced the charges against him. [137] at 3. Although the superseding indictment was not filed until February 2019, *see* [100], the record demonstrates that the government was considering enhanced charges at the outset of the prosecution, independently of Masoud's expressed desire to go to trial. "[T]he spectre of vindictiveness is lacking where the challenged charge is independent of the one that formed the basis of the exercise of the legal right." *Ribota*, 792 F.3d at 841. But even if the decision were tied to pre-trial plea bargaining, the court of appeals has "not recognized any circumstances in which a presumption of vindictiveness has been deemed appropriate regarding events that occurred before trial." *Id.* at 840. The tactics described by Masoud are permissible and are not considered vindictive: "a prosecutor may threaten a defendant with increased charges if he does not plead guilty, and follow through on that threat if the defendant insists on his right to stand trial." *United States v. Tingle*, 880 F.3d 850, 856 (7th Cir. 2018). Defendant's motion to dismiss is denied.[2]

Masoud moved to dismiss the original indictment, before the grand jury returned a superseding one. [91]. Masoud has not expressly raised those arguments against the superseding indictment, and so apparently waives them. To the extent the failure to renew his first motion was a forfeiture on his part, the motion is denied on the merits.

The offenses allegedly occurred in March 2018. By that time, FUB-AMB had been placed on Schedule I for several months, through the attorney general's delegated authority to temporarily schedule substances. 82 FR 51154 (Nov. 3, 2017);

---

[2] The government's request to file a brief in excess of 15 pages is granted. *See* [158] at 17 n.15. The brief was slightly over 16 pages and the lengthy recitation of the procedural history was necessary to demonstrate the context of the government's plan to supersede the charges.

21 U.S.C. § 811(h); 28 C.F.R. 0.100(c). The superseding indictment properly alleges that FUB-AMB was a Schedule I controlled substance.

The conspiracy charge tracks the statutory elements of the offense and alleges approximate dates and duration, without describing how the conspiracy worked or the roles of the conspirators. No more is required. *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013). The superseding indictment alleges that Masoud "did conspire … to knowingly and intentionally possess with intent to distribute and distribute a controlled substance," [100] at 1; it states an offense and is not dismissed under Fed. R. Crim. P. 12(b)(3)(B)(v). Masoud earlier argued that the government cannot prove a conspiracy because the evidence is simply that his employees sold drugs. This is a sufficiency of the evidence argument. *See* [91] at 5–6 ("in evaluating the sufficiency of the evidence […]," "the evidence in this case … shows," "[t]here is no corroborating evidence…"); [96] at 2 (discussing sufficiency of the criminal complaint). A pretrial motion to dismiss the indictment is not the means to challenge the government's proof. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009).

I note that drug dealers who have a superior with whom they have partnered to sell drugs are in a conspiracy with that superior. *United States v. Cruse*, 805 F.3d 795, 816 (7th Cir. 2015) (the relationship between middlemen and their superiors is per se conspiratorial). If Masoud agreed with his employees to sell drugs, he was in a conspiracy with them. If the employees were merely buying drugs from Masoud in arm's length transactions with Masoud, for later resale by them with Masoud having no interest in their drug-selling activities, then there was no conspiracy. *See United States v. Bradford*, 905 F.3d 497, 506 (7th Cir. 2018) (conspiracy requires evidence of a shared stake in the illegal venture). Whether the alleged conspirators had a shared stake in the venture is an issue for trial.

ENTER:

Date:   September 16, 2019

Manish S. Shah
U.S. District Judge